**U.S. FIRE INSURANCE COMPANY, Appellant,**

v.

**Jackie MANESS, Appellee.**

No. 01–88–00531–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 13, 1989.

Rehearing Denied Aug. 31, 1989.

James B. Galbraith, Otto D. Hewitt, III, Kenneth J. Bower, McLeod, Alexander, Powel & Apffel, P.C., Galveston, for appellant.

Russell G. Burwell, Gregory B. Enos, Burwell & Enos, Texas City, for appellee.

Before WARREN, COHEN and MIRABAL, JJ.

## OPINION

COHEN, Justice.

The issue in this appeal is whether the trial court abused its discretion in deeming admitted appellee's requests for admissions.

On September 4, 1987, appellee sued appellant for workers' compensation benefits. Appellant filed a general denial, and both parties proceeded with discovery. On October 22, 1987, appellee sent appellant 29 requests for admissions. Approximately 30 days later, appellant responded to every one of the requests by stating, "Denied due to insufficient information at the present time," accompanied by a letter to appellee's counsel stating:

I am writing to confirm our agreement that you will extend us an additional two weeks in which to respond to your Admissions Request. We are going to file denials as subject to the unavailability of information at the present time, but we will supplement our responses within two weeks.

Appellant made no other response until February 17, 1988, the date of trial, after appellee moved to deem the requests admitted, at which time appellant admitted 12 of the 29 requests. The trial judge, however, deemed the remaining requests admitted and rendered judgment for appellee. Appellant's motions for new trial and to strike admissions were overruled.

Rule 169(1) provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ... The answer shall specifically deny the matter or set forth in detail the reasons that the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and *when good faith requires that a party* qualify his answer or *deny only a part of the matter of which an* admission is requested, he shall specify so much of it as is true, and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or easily obtainable by him is insufficient to enable him to admit or deny.

(Emphasis added.)

Rule 215(4) provides:

(a) Deemed Admissions. Each matter of which an admission is requested shall be deemed admitted unless, within the time provided by Rule 169, the party to whom the request is directed serves upon the party requesting the admissions *a sufficient written answer* or objection in compliance with the requirements of Rule 169, addressed to each matter of which an admission is requested. *For purposes of this subdivision, an evasive or incomplete answer may be treated as a failure to answer....*

(b) Motion. ... *If the court determines that an answer does not comply with the requirements of Rule 169, it may order* either *that the matter is admitted* or that an amended answer be served....

(Emphasis added.)

■ Appellant argues the trial court had no authority to deem the admissions because all had been denied. We disagree. In our view, appellant's responses attempted to circumvent the operation of rules 169 and 215.

Rule 169 clearly requires that where a party has insufficient information to admit or deny, he must state that he has made reasonable inquiry to discover the information. Appellant failed to do so. Appellant promised to supplement its responses within two weeks. It did not do so. Appellant sought to avoid the duty to make reasonable inquiry by simply saying, in effect, "we deny these requests, even though we have no factual basis to deny them." Rule 169's requirement to make a reasonable inquiry should not be so easily defeated.

■ Rule 169 requires that "a denial shall fairly meet the substance of the re-

quested admission, and when *good faith* requires that a party qualify his answer or deny only part of the matter of which admission is requested, he shall specify so much of it as is true and qualify or deny the remainder." Appellant violated this requirement of rule 169. Its blanket denials did not "fairly meet the substance" of the requested admissions. Moreover, "good faith" required appellant to qualify these blanket denials because its excuse, that it had insufficient information to answer, was patently incredible, as discussed below. Not surprisingly, appellant presented no evidence to support this claim.

Appellant is a workers' compensation insurance carrier that admitted in its original answer that it had paid appellee's benefits and medical expenses. It later admitted that its policy was issued to appellee's employer; that the employer was notified of the injury on the date it occurred; that appellant had actual notice of the injury within 30 days after; and that the Industrial Accident Board made a final ruling on the claim before the instant lawsuit was filed.

Appellee's attorney produced uncontradicted evidence that appellant, in its capacity as a workers' compensation carrier, had paid appellee's medical bill, received reports from appellee's doctors, paid appellee weekly compensation benefits, filed numerous reports with the Industrial Accident Board, and participated in a prehearing conference where its agent spoke with appellee about his injury. The evidence also showed that on June 18, 1987, a prehearing conference was held before the Industrial Accident Board, at which appellant's adjuster was present and discussed appellee's medical condition and treatment, interviewed appellee concerning his injury and disability, and made notes. Appellant never produced anything to show that because of "insufficient information at the present time (November 20, 1987)" it had to deny that:

1) appellee was employed by his alleged employer on the date of the injury;

2) it issued a policy of workers' compensation insurance to appellee's alleged employer before the alleged injury occurred;

3) its policy of workers' compensation insurance was in full force and effect when appellee was injured;

4) it had received notice of the injury;

5) appellee had filed a claim with the Industrial Accident Board within a year of the injury;

6) the Industrial Accident Board made a final award;

7) appellee had been treated by certain physicians, and appellant had received their reports; and

8) appellee had worked 210 days for his employer.

Appellant never offered any evidence that it had made a diligent inquiry into the matters covered by the requested admissions. Indeed, at the hearing on the motion to deem the requests admitted, appellant's counsel made an unsworn statement, occupying 59 pages of the record, none of which supported any of the 29 claims of insufficient information. After that argument, appellant's attorney was questioned by appellee's attorney. It would be charitable to characterize his answers as "dodging" the questions, as asserted in appellee's brief on appeal. When asked if the responses "bore your signature," appellant's attorney answered, "That's my understanding." After several indirect and unresponsive answers, appellant's counsel answered the following questions:

Q: Well, the 12 items you've admitted today, couldn't you have admitted them back then if you'd looked at the information?

A: I don't know.

Q: Because you didn't look at the information?

A: Well, I don't know.

■ We hold that there was ample basis for the trial court to find that appellant's responses were evasive and incomplete and therefore not a "sufficient" answer, within the meaning of rule 215(4)(a). In addition, the trial court had reason to find that the denials did not "fairly meet the substance of the requested admission," and that the denials were not made in "good faith" as required by rule 169.

A party may not guarantee its ignorance by foregoing reasonable inquiry into relevant facts and then refuse to admit the facts due to "insufficient information." The trial judge did not abuse his discretion upon these facts. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex. 1986).

Points of error one and two are overruled.

In its third point of error, appellant argues that the trial court abused its discretion in overruling a motion for new trial, and in not permitting appellant to amend its responses. Rule 169(2) provides:

> [T]he court may permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying on the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the actions will be subserved thereby.

Appellant contends its mistaken belief that its responses were adequate constituted good cause for withdrawing the deemed admissions. We disagree. The trial judge was not required to believe that appellant had such a belief, in view of the entire record.

Point of error three is overruled.

The judgment is affirmed.