**Martha WETHERHOLT, Appellant,**

v.

**MERCADO MEXICO CAFE et al., Appellees.**

No. 11–91–233–CV.

Court of Appeals of Texas, Eastland.

Nov. 19, 1992.

Kurt M. Noell, Bachus, Lepak & Noell, Belton, for appellant.

Richard Grainger, Grainger, Howard, Davis & Ace, Craig Daugherty, Tyler, Daniel V. Pritchett, Dallas, for appellees.

Kenneth A. Huchton, Tyler, for intervenor.

## OPINION

DICKENSON, Justice.

Martha Wetherholt's former attorney failed to respond to a motion to compel answers to interrogatories, notices for depositions, orders for mediation, and notices for sanction hearings. The trial court entered a sanctions order which struck her pleading, entered a default judgment that she take nothing, and ordered that she pay $765 as attorney's fees for the party which had been seeking to prepare the case for trial. Testimony at the motion for new trial showed that the guilty party was appellant's former attorney and that she and her present attorney had no part in the discovery abuse by the first attorney. Even so, the trial court did not grant the motion for new trial. We reverse and remand.

### Background Facts

On March 3, 1988, appellant's car was hit by a vehicle driven by Thomas L. Callaway. Callaway was employed by East Texas Dodge, Inc., and he had had too much to drink at a company dinner which was held at Mercado Mexico Cafe. Appellant sued the drunk driver, his employer, and the cafe's owners. She sought actual and exemplary damages. Appellant's insurance company intervened, alleging that it was entitled to recover the first $29,952.44 because of payments made to her for personal injuries and property damages in the collision.

### Discovery Abuse

The record shows that appellant's first attorney did not prepare a proper response to the request for written interrogatories, even though she had furnished him with the information. Her present attorney has now placed those answers in the proper form and filed them with the court.

Appellant's first attorney failed to notify her when the cafe's lawyer sent a notice for her deposition, and that attorney ignored the deposition notice. Appellant's first attorney also failed to notify her when the case was referred to a mediator, and he failed to appear even though all of the other attorneys were present and ready to proceed with mediation. Appellant's first attorney also failed to notify her of the two sanction hearings, and he failed to attend them. After the default judgment was entered, appellant hired her present lawyer. A timely motion for new trial was filed, and appellant and her husband testified in person at the hearing on October 21, 1991. The former lawyer was permitted to testify by telephone without objection, and his testimony confirmed appellant's testimony that she was not aware of the discovery abuses.

### The "Death Penalty" Sanction

The motion for new trial in this case was heard shortly after June 19, 1991, when the Supreme Court of Texas discussed "death penalty" sanctions in *Transamerican Nat-*

**808**

*ural Gas Corporation v. Powell,* 811 S.W.2d 913 at 917 (Tex.1991):

> In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse ... and that the sanction should be visited upon the offender. The trial court must at least attempt to *determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both.* This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. (Emphasis added)

See also *Chrysler Corporation v. Blackmon,* 841 S.W.2d 844, 849, 36 Tex.Sup.Ct.J. 76 at 80 (October 14, 1992), where the Supreme Court emphasizes that "the punishment should fit the crime" and that the sanction should "be no more severe than required to satisfy legitimate purposes." The Supreme Court goes on to say in *Blackmon* that "death penalty sanctions should not be used to deny a trial on the merits" unless the guilty party's conduct is so bad that it "justifies a presumption that its claims or defenses lack merit."

The unchallenged testimony at the motion for new trial shows that Wetherholt was not a guilty party, that she was not aware that her former lawyer was failing to notify her of hearings, and that he was failing to comply with the discovery rules. The guilty party was the former lawyer, and he is no longer involved in this case. Under *Transamerican Natural Gas Corporation v. Powell,* supra, we find that the trial court abused its discretion by failing to grant the timely motion for new trial. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded.