IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-289-CV





TOM DUEMLER AND CLINT TATUM,



 APPELLANTS


vs.





PHOENIX INTERNATIONAL MARKETING CORPORATION


DBA PHOENIX INTERNATIONAL CORPORATION,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 91-12449, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 





PER CURIAM


 Appellants Tom Duemler and Clint Tatum appeal from the judgment of the district
court of Travis County awarding appellee Phoenix International Marketing Corporation dba
Phoenix International Corporation damages and attorney's fees in the amount of $90,555.25,
interest, and costs. We will reverse the judgment.

 Phoenix first challenges this Court's jurisdiction over the appeal asserting that
appellants filed their cash deposit in lieu of bond untimely. (1) Each appellant timely filed an
affidavit of inability to give cost bond on May 13, 1992. Tex. R. App. P. 40(a)(3), 41(a)(1). 
Within the required time, the court reporter filed a contest to the affidavits. Tex. R. App. P.
40(a)(3)(C). On May 20th, the trial court signed an order setting a hearing on the contest for May
26th. Tex. R. App. P. 40(a)(3)(E).

 At that hearing, the trial court apparently sustained the contest to appellants'
affidavits. On June 5th, the tenth day after the hearing, appellants made a cash deposit in lieu of
bond with the district clerk of Travis County, pursuant to the extension provision of Tex. R. App.
P. 41(a)(2). The rule provides, however, that the time for perfecting an appeal is not extended
if the trial court finds that the affidavit is not filed in good faith. Tex. R. App. P. 41(a)(2). 
Because the trial-court order states that appellants did not file their affidavits in good faith,
Phoenix argues that they were not entitled to the ten-day extension and must have made a cash
deposit no later than May 13th.

 The trial court, however, did not sign a written order sustaining the contest until
June 18th, more than ten days after the court reporter filed her contest to appellants' affidavit. 
Texas R. App. P. 40(a)(3)(E) requires a trial court to rule on a contest to an affidavit of inability
to pay the costs of appeal within ten days after its filing or within the period of time as extended
by a timely, written order of the court. The record before this Court contains only an order
setting the hearing for May 26th. The trial court had no authority to sign the order on June 18th.

 Accordingly, the court had become bound to accept the allegations of the affidavit
as true. Tex. R. App. P. 40(a)(3)(E); Ramirez v. Packer, 807 S.W.2d 728, 729 (Tex. 1991, orig.
proceeding). The trial court's oral ruling at the May 26th hearing was insufficient to satisfy the
requirements. Only a signed, written order is effective. Modern Living, Inc. v. Alworth, 730
S.W.2d 444, 446 (Tex. App.--Beaumont 1987, orig. proceeding); Shaffer v. U.S. Cos., Inc., 704
S.W.2d 411, 412 (Tex. App.--Dallas 1985, no writ). Appellants had no need to make the cash
deposit and timely perfected their appeal. See Maniccia v. Johnson & Gibbs, P.C., 844 S.W.2d
296, 298 (Tex. App.--Austin 1992, no writ); Shaffer, 704 S.W.2d at 413.

 In the underlying cause, Phoenix brought a suit on a sworn account to recover
amounts allegedly due for products furnished appellants and punitive damages for appellants'
fraud in the transactions. See Tex. R. Civ. P. 185. Appellants answered with an unverified
denial. See Id.; Tex. R. Civ. P. 93(10). Phoenix then filed a motion for summary judgment
asserting generally that no genuine issue of material fact existed and that it had established its
claims as a matter of law. See Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d 540, 543 n.1
(Tex. 1971) (trial court may properly grant summary judgment on petitioner's sworn pleading if
defendant does not file verified denial).

 Appellants responded to the motion and filed first and second amended answers that
were verified. See Rizk v. Financial Guardian Ins. Agency, Inc., 584 S.W.2d 860, 863 (Tex.
1979) (if defendant files verified denial, petitioner must file competent summary-judgment
evidence to establish the validity of the claim as a matter of law). After hearings on November
14 and December 12, 1991, the trial court determined that no issue of material fact existed as to
Duemler and that the sole issue remaining was Tatum's liability on the "Phoenix International
Corporation Phoenix Center (PHC) Application and Agreement." On February 13, 1992, the
trial court rendered a partial summary judgment awarding Phoenix recovery from Duemler.

 Between the filing of its motion for summary judgment and the order of partial
summary judgment, Phoenix filed a motion for sanctions pursuant to Tex. R. Civ. P. 215. The
company had previously served requests for admissions, requests for production of documents,
and interrogatories on appellants. By its motion, Phoenix asserted that, as of January 27, 1992,
neither appellant had responded or objected to the requests for production of documents, and that
Tatum had answered certain interrogatories and requests for admissions insufficiently. Phoenix
requested the trial court to strike appellants' pleadings. See Tex. R. Civ. P. 215(2)(b)(5).

 On February 13, 1992, (2) the trial court rendered its order of sanctions ordering that
certain requests for admissions be deemed admitted and that appellants' pleadings be stricken. 
The court then rendered judgment that Phoenix recover the amount of $90,555.25, plus interest
and costs from Duemler and Tatum, jointly and severally. Appellants filed a motion for new trial
that was overruled by operation of law. Tex. R. Civ. P. 329b(c).

 In their second point of error, appellants contend that the trial court erred in
imposing the harshest sanctions of deeming requests for admissions admitted and striking their
pleadings. We regard the point of error as a complaint that the trial court abused its discretion
in imposing these particular sanctions.

 The choice of sanctions is a matter within the trial court's sound discretion;
whatever sanctions a court imposes must be just under the circumstances. Transamerican Natural
Gas Corp., 811 S.W.2d 913, 917 (Tex. 1991); Ramirez v. Otis Elevator Co., 837 S.W.2d 405,
410 (Tex. App.--Dallas 1992, writ denied). Two factors set the boundaries of discretion for
sanctions to be just: (1) a direct relationship must exist between the offensive conduct and the
sanction imposed and (2) the sanction imposed must not be excessive. Chrysler Corp. v.
Blackmon, 841 S.W.2d 844, 849 (Tex. 1992); Transamerican, 811 S.W.2d at 817. A sanction
that, by its severity, prevents a decision on the merits of a case is not justified "absent a party's
bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." 
Transamerican, 811 S.W.2d at 918; see Chrysler Corp., 841 S.W.2d at 849.

 Phoenix requested appellants to produce documents on November 15, 1991. When
they did not, Phoenix filed a motion for sanctions on January 28, 1992, and set a hearing for
February 13, 1992. Neither appellants nor their attorney appeared at this hearing. In determining
whether the trial court abused its discretion, we will consider the evidence presented at the hearing
on appellants' motion for new trial. See Wetherholt v. Mercado Mexico Cafe, Inc., 844 S.W.2d
806 (Tex. App.--Eastland 1992, no writ).

 That evidence shows that appellants' attorney spoke with counsel for Phoenix about
the production of documents on December 11, 1991, after the November due date. Appellants'
attorney appeared at the hearing on the motion for summary judgment and, in February 1992,
learned that the trial court had rendered judgment against his clients. The attorney is a sole
practitioner with an office at one location and is of counsel to a law firm with an office at a second
location. Appellants retained the attorney through the law firm; all correspondence regarding
their case went to the law firm address. Law firm personnel inadvertently filed correspondence
about the motions for sanctions and the notice of setting before the attorney saw it.

 Tatum and Duemler each gathered the documents requested, combined the two sets,
and delivered the box of documents to the law firm in mid-December, before the deadline their
attorney set. Tatum placed the documents on the attorney's desk and asked the receptionist to
notify him that the documents were at the office. Duemler also called the attorney to tell him that
they had delivered the documents. Law firm staff apparently moved the documents into another
office where a legal assistant found them sometime after February 25, 1992.

 Based on our review of the record, we conclude that the trial court abused its
discretion in determining to strike appellants' pleadings. First, a direct relationship does not exist
between the offensive conduct and the sanction imposed. A sanction must be directed against the
abuse and toward remedying the prejudice caused the innocent party. Chrysler Corp., 841
S.W.2d at 849; Transamerican, 811 S.W.2d at 917. Phoenix did not refute the evidence that the
parties were still discussing production of the documents after the November 15th deadline. 
Appellants delivered the documents to their attorney as requested. The offensive conduct was not
appellants' but was that of the attorney who failed to provide the documents to counsel for
Phoenix. See Transamerican, 811 S.W.2d at 917 (party should not be punished for counsel's
conduct in which party not implicated apart from trusting legal representation to that attorney).

 Furthermore, the record does not show that the delay in production harmed
Phoenix. The company, in fact, did not first seek to compel production of the documents and,
apparently, continued discussions regarding production after the date a response was due. By
striking appellants' pleadings and rendering a default judgment, the trial court adjudicated
appellants' claims based solely on the attorney's conduct of discovery.

 Under this point of error, appellants also complain that the trial court abused its
discretion in deeming certain requests for admissions admitted. (3) In its motion for sanctions,
Phoenix asserted that Tatum had improperly answered eighteen requests for admissions that
Phoenix had propounded to him. Phoenix had propounded an identical set of requests for
admissions to Duemler but did not complain of any of his responses. Nevertheless, the order for
sanctions deems admitted the eighteen requests for admissions "previously served on each
Defendant." We understand appellants' argument to relate only to the requests for admissions
propounded to Tatum.

 Texas R. Civ. P. 169(1) expressly provides that a party who has insufficient
information to admit or deny a matter, must state "that he has made reasonable inquiry and that
the information known or easily obtainable by him is insufficient to enable him to admit or deny." 
U.S. Fire Ins. Co. v. Maness, 775 S.W.2d 748, 749 (Tex. App.--Houston [14th Dist.] 1989, writ
ref'd). If an answer does not comply with Rule 169(1), a trial court may deem the matter
admitted. Tex. R. Civ. P. 215(4). Tatum stated that he could neither deny nor admit certain of
the requests for admissions because they "relate to matters involving the Phoenix Center or TOM
DUEMLER, individually[.] Because my involvement in the Phoenix Center was limited to
occasional assistance on a volunteer basis, I do not have knowledge of the arrangements between
Phoenix Center and [Duemler]."

 The above answer clearly does not comply with Rule 169(1); the trial court was
within its authority to deem the matters admitted. Tex. R. Civ. P. 215(4)(b); U.S. Fire Ins., 775
S.W.2d at 751; Taylor v. Taylor, 747 S.W.2d 940, 945 (Tex. App.--Amarillo 1988, writ denied). 
Appellants suggest that the sanction was inappropriate because a "simple amendment to the
responses . . . would cure the technical defect complained of." See Tex. R. Civ. P. 215(4)(b)
(trial court may require party to serve amended answer).

 First, the defect is more than a technical defect. A party may not evade the effects
of Rule 169 simply by merely saying he does not have sufficient information. U.S. Fire Ins., 775
S.W.2d at 751; Watson v. Godwin, 425 S.W.2d 424, 427-28 (Tex. Civ. App.--Amarillo 1968, writ
ref'd n.r.e.). Secondly, the record contains no evidence that Tatum made any reasonable inquiry
into the subject matter of the requests. See U.S. Fire Ins. Co., 775 S.W.2d at 751; Stewart v.
Vaughn, 504 S.W.2d 600, 602 (Tex. Civ. App.--Houston [14th Dist.] 1974, no writ). We
conclude, therefore, that the trial court did not abuse its discretion in deeming the requests for
admissions propounded to Tatum admitted. We overrule the portion of appellants' second point
of error that relates to the requests for admissions and sustain the portion that complains of the
trial court striking appellants' pleadings.

 In their third point of error, appellants complain that the trial court erred in denying
their motion for new trial because their "default" was due to mistake and was not intentional. 
Because they did not appear at the hearing on the motion for sanctions, appellants request this
Court to apply the standard set out in Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126
(Tex. 1939), for review of a default judgment. We have reviewed the imposition of sanctions
under the applicable standard and overrule the third point of error.

 In their first point of error, appellants assert that the trial court erred in granting
the partial summary judgment because genuine issues of material fact existed as to all of Phoenix's
claims. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548 (Tex. 1985). We conclude that this point presents nothing for review because final judgment
effectively vacated the partial summary judgment.

 The order for sanctions reads, "[I]t is . . . ORDERED that the pleadings of
Defendants TOM DUEMLER and CLINT TATUM are hereby stricken and that judgment be
granted in favor of Plaintiff based on allegations contained in Plaintiff's Original Petition." The
court then rendered judgment in favor of Phoenix and against appellants. The judgment does not
refer to or incorporate the partial summary judgment.

 Generally, the issues determined on motion for summary judgment are final,
although the order is interlocutory. Martin v. First Republic Bank, Ft. Worth, 799 S.W.2d 482,
488 (Tex. App.--Ft. Worth 1990, writ denied). A trial court retains continuing control over
interlocutory orders and has the power to set the orders aside before rendition of a final judgment. 
Fruehauf Corp. v. Carrillo, 36 Tex. Sup. Ct. J. 589, 590 (Feb. 24, 1993); Texas Crushed Stone
Co. v. Weeks, 390 S.W.2d 846, 849 (Tex. Civ. App.--Austin 1965, writ ref'd n.r.e.). The
rendition of a final judgment inconsistent in its terms with a prior interlocutory order operates to
set aside the interlocutory order. Hill v. Robinson, 592 S.W.2d 376, 384 (Tex. Civ. App.--Tyler
1979, writ ref'd n.r.e.); Dickerson v. Mack Fin. Corp., 452 S.W.2d 552, 555-56 (Tex. Civ.
App.--Houston [1st Dist.] 1969, writ ref'd n.r.e.). By striking appellants' pleadings and rendering
a default judgment, the trial court effectively set aside the order of partial summary judgment. 
See Hill, 592 S.W.2d at 384 (final take-nothing judgment in favor of party had effect of setting
aside prior interlocutory judgment against party); Dickson & Assocs. v. Brady, 503 S.W.2d 886,
888 (Tex. Civ. App.--Houston [1st Dist.] 1975, no writ) (order of dismissal that did not carry
forward terms of interlocutory summary judgment effectively set aside interlocutory order). 
Accordingly, we do not address appellants' first point of error.

 Based on our disposition of appellants' second point of error, we reverse the
judgment of the trial court and remand the cause to the trial court for further proceedings.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: May 5, 1993

[Do Not Publish]
1.   This Court overruled Phoenix's motion to dismiss the appeal on August 20, 1992. Phoenix
again raises its jurisdictional argument in its brief.
2.   The trial court issued the order of sanctions and judgment on the same day as the partial
summary judgment. The judge who signed the partial summary judgment was not the judge who
signed the order of sanctions and judgment.
3. The record before this Court does not include a motion to withdraw or amend the
admissions. See Tex. R. Civ. P. 169(2). Appellants did, however, complain of the deemed
admissions in their motion for new trial.