STATE of Texas

v.

**Rosario Nunez CARRILLO & Ten Thousand and Fifty–Seven and No/100Ths ($10,057) Dollars in U.S. Currency.**

No. 04–93–00749–CV.

Court of Appeals of Texas, San Antonio.

Sept. 7, 1994.

Fernando Sanchez, Asst. Dist. Atty., Laredo, for appellant.

Lazaro Garza–Gongora, Jr., Garza–Gongora & Gutierrez, Teresa A. Hunter, Laredo, for appellee.

Before CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

HARDBERGER, Justice.

This is a forfeiture case in which the State seized $10,057 from a drug suspect, Carrillo. As part of the discovery, after the State had filed suit, Carrillo sent out requests for admissions. The State, in essence, refused to answer these admissions by replying they could neither admit, nor deny, because of insufficient information. The trial court, after due consideration, deemed the admissions admitted and granted summary judgment. The State appeals.

The forfeiture was in May, 1993. As late as November, 1993, the time of the motion to reconsider, the State was still unwilling to give their reasons for forfeiture. Even though this action grows out of a criminal incident, the forfeiture suit is governed by the civil rules of discovery. We hold that as

a matter of basic fairness, as well as in obedience to the rules of civil procedure, the State cannot seize property from an individual and six months later still be saying they don't have enough information to give the reasons for seizure. We affirm the trial court.

## Background

On May 27, 1993, Carrillo was arrested for public intoxication by Officer Ruben Gonzalez. Pursuant to this arrest Officer Gonzalez seized $10,057 from Carrillo's wallet and vehicle. Carrillo told Gonzalez that he had obtained the money from the sale of a vehicle to a friend. Carrillo also stated that he used cocaine regularly and would rather not say where he got the money for fear of his life. Based on this information, Officer Gonzalez believed that Carrillo had derived the currency from the sale, distribution, dispensation, delivery or other commercial undertaking in violation of the Texas Controlled Substances Act.

The State of Texas filed its Original Notice of Seizure and Intended Forfeiture against Carrillo. Carrillo sent the State a set of requests for admission and interrogatories. The State responded to all of the requests for admissions that it could not admit or deny based on insufficient knowledge. For example, Request for Admission No. 1 and the State's response are as follows:

*Request for Admission No. 1:* ADMIT OR DENY

That the money ($10,057) seized and intended to be forfeited pursuant to plaintiff (State of Texas) Petition of forfeiture was not derived from the sale of a control substance in violation of the Texas Controlled Substance Act.

ANSWER: Plaintiff cannot truthfully admit or deny this matter on the ground that Plaintiff lacks information, as Plaintiff, has made reasonable inquiry and information known or easily obtainable by plaintiff is insufficient to enable Plaintiff to admit or deny. However, if and when Plaintiff obtains such information, Plaintiff will dutifully supplement as required by law.

Carrillo filed a motion for summary judgment asking the court to deem the requests admitted and then grant summary judgment based on the deemed admissions. The trial court deemed the requests admitted and granted summary judgment.

 Summary judgments should only be granted if no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c). Deemed admissions are competent summary judgment evidence. *Culp v. Hawkins,* 711 S.W.2d 726, 727 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). In fact, admissions, once deemed by the court, may not be contradicted by any evidence, including summary judgment affidavits. *See Henke Grain Co. v. Keenan,* 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ); *Agristor Credit Corp. v. Donahoe,* 568 S.W.2d 422 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). Any matter established by way of request for admissions is conclusively established as to the party making the admission, unless on motion, it is withdrawn or amended with the permission of the court. *Velchoff v. Campbell,* 710 S.W.2d 613, 614 (Tex.App.—Dallas 1986, no writ). The summary judgment order does not specify the grounds on which it was granted; therefore, if it can be sustained on any ground it will be upheld. *See Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.— Houston [1st Dist.] 1988, writ denied); *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## Deemed Admissions

In its first and second point, the State argues that the trial court erred in deeming the admissions on the basis of the State's failure to answer. The State's position is that the summary judgment should be reversed because the trial judge abused his discretion in deeming Carrillo's requests for admissions admitted.

Rule 169(1) provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request ... [T]he party

to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ... The answer shall specifically deny the matter or set forth in detail the reasons that the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission and *when good faith requires that a party* qualify his answer or *deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true, and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or easily obtainable by him is insufficient to enable him to admit or deny....*

(Emphasis added).

Rule 215(4) provides:

(a) Deemed Admissions. Each matter of which an admission is requested shall be deemed admitted unless, within the time provided by Rule 169, the party to whom the request is directed serves upon the party requesting the admissions *a sufficient written answer* or objection in compliance with the requirements of Rule 169, addressed to each matter of which an admission is requested. *For purposes of this subdivision, an evasive or incomplete answer may be treated as a failure to answer....*

(b) Motion.... *If the court determines that an answer does not comply with the requirements of Rule 169, it may order* either *that the matter is admitted* or that an amended answer be served....

(Emphasis added).

The crux of the State's argument is that the trial court had no authority to deem the admissions because its refusal to either admit or deny tracked the language in the rules. We disagree. The State's responses were an attempt to avoid the operation of rules 169 and 215.

■ Rule 169 requires that where a party has insufficient information to admit or deny, he must state that he has made reasonable inquiry to discover the information. The State argues that simply reciting the language in the statute is enough. However, Rule 169 also requires that parties responses to requests for admissions must be made in good faith. It seems implicit in the rule that one must actually make a reasonable inquiry and that as a result of that reasonable inquiry the party answering the request still did not have sufficient knowledge to either admit or deny. The State's answer that it had made a reasonable inquiry and that it had insufficient knowledge to ascertain whether the $10,057 dollars seized from Carrillo was derived from the distribution of a controlled substance is not adequate. The State presented no evidence to support its claim that it had made a reasonable inquiry prior to answering the requests for admissions. *See U.S. Fire Insurance Company v. Maness,* 775 S.W.2d 748, 750 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd).

■ The State attached the affidavit of Ruben Gonzalez to its Response to Carrillo's Motion for Summary Judgment. In his affidavit, Officer Ruben Gonzalez testified that he seized the $10,057 from Carrillo because he believed that the money was derived from the sale, delivery, dispensation, distribution or other commercial undertaking in violation of the Texas Controlled Substances Act. In his affidavit, Officer Gonzalez sets forth the reasons why he believed that the money was derived from violations of the Controlled Substances Act. The State's Original Notice of Seizure and Intended Forfeiture also recites that Officer Gonzalez seized the money and gives the exact same recitations as contained in Gonzalez' affidavit. Yet, in response to a direct question concerning the reasons why it had seized the appellee's money, the State plead it had insufficient evidence to either admit or deny the request for admission.

The State seized Carrillo's money in May of 1993. The admissions were deemed and the summary judgment was granted on September 17, 1993. As late as November 2, 1993, at the motion for reconsideration, the State was still contending that, in effect, it didn't have sufficient information to either

admit or deny that the money was not derived from the sale of controlled substances. It is fundamentally unfair for the State to take money from a person and even after several months be unwilling to say why they feel the State is entitled to the money.

Pursuant to Rule 215(4), an evasive or incomplete answer may be treated by the trial court as a deemed admission. TEX. R.CIV.P. 215(4)(a). The party propounding the request may challenge the sufficiency of the answers, and if the court finds the answer insufficient under Rule 169, the court may deem the matter admitted. TEX. R.CIV.P. 215(4); *see Maness,* 775 S.W.2d at 749–50.

■■■ The trial court's order is reviewed for an abuse of discretion. *See Maness,* 775 S.W.2d at 751. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators,* 701 S.W.2d 238, 241–42 (Tex.1986). A party may not refuse to answer a request for admission on the basis that it has insufficient evidence after making reasonable inquiry when in fact it has sufficient information to either admit or deny the request. The trial judge did not abuse his discretion in deeming the requests admitted upon these facts. *See Downer,* 701 S.W.2d at 241–42; *Maness,* 775 S.W.2d at 751.

We overrule the State's first two points of error.

### Death Penalty Sanctions

■■■ The State argues that the trial court erred in granting summary judgment in this case because the summary judgment was a death penalty sanction. The State argues that by deeming the requests admitted and then granting summary judgment based upon those deemed admissions, the trial court effectively imposed death penalty discovery sanctions. Relying on *TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913 (Tex.1991), the State argues that the trial court should have imposed some "less stringent discovery sanction." We are not persuaded by this argument.

The State mischaracterizes the trial court's actions as imposing death penalty sanctions. "Death penalty" sanctions have been defined as the striking of pleadings, the granting of default judgment, or the dismissal of a cause of action. *TransAmerican,* 811 S.W.2d at 918. In fact, the only discovery sanction involved in this case is the deeming of certain requested admissions. TEX.R.CIV.P. 215(4)(a). Even if the deeming of requests for admissions could be characterized as a "death penalty" sanction, the *TransAmerican* case does not apply to this set of facts. The Supreme Court has mandated that trial court's must consider less stringent sanctions before imposing death penalty sanctions. *See TransAmerican,* 811 S.W.2d at 917. There is no less stringent sanction available in this case. Rule 215(4)(a) only provides one sanction—deeming requested admissions. Also, the deeming of certain matters as admitted pursuant to Rule 215(4)(a) does not necessarily have the effect of precluding a presentation on the merits. It may have that effect if the matters being deemed are determinative. But it also may not have that effect. For these reasons, we hold that the trial court's action in deeming requests for admissions admitted does not constitute a violation of *TransAmerican* and is not an abuse of discretion.

We overrule the third point of error.

The summary judgment is affirmed.