HEM v GRR 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00480-CV







Harvey Earth Moving, Inc., Appellant



v.



Georgetown Railroad Company, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-279-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 This is an appeal from a default judgment. Appellee Georgetown Railroad
Company ("GRR") sued appellant Harvey Earth Moving, Inc. ("HEM") to recover accounts due
for goods sold and transported. HEM failed to respond to requests for production, interrogatories
and an agreed order compelling discovery. The trial court eventually imposed "death penalty"
sanctions, striking appellant's pleadings and granting default judgment in favor of GRR. HEM
contends that the trial court erred in granting a default judgment and failing to grant its motion
for new trial. We will affirm the trial court's judgment.



BACKGROUND


 In August 1994, GRR sued HEM on theories of sworn account, quantum meruit,
constructive trust, assumpsit for money had and received, and for prejudgment interest to recover
indebtedness owed by HEM. HEM's counsel received GRR's interrogatories and requests for
admissions and production on October 21, 1994. On November 14, HEM filed responses to
GRR's requests for admission. However, HEM did not serve any responses, answers or
objections to GRR's interrogatories and requests for production. Nor did HEM obtain an
extension of time to respond. 

 By correspondence dated December 15, 1994, GRR demanded full and complete
answers to all of its interrogatories and production of documents requested within fourteen days
of the receipt of the letter. On January 3, 1995, HEM filed answers to the interrogatories without
producing any documents. On March 10, GRR filed a motion to compel discovery. In its motion,
GRR objected that the answers to the interrogatories were cursory, nonresponsive and wholly
insufficient. GRR also complained that HEM failed to produce any of the requested documents. 


 At a hearing on April 13, the court rendered an agreed order granting GRR's
motion to compel. The order required HEM to produce any and all documents responsive to
GRR's requests and to provide full and complete answers to the interrogatories by April 27. On
April 27, HEM allegedly fired its attorney and claimed that it assumed that the attorney would
notify GRR to send all future correspondence to HEM directly. As of May 1, HEM still had not
complied with the agreed motion to compel, and GRR filed and served a motion to strike
pleadings and for entry of default judgment. At a hearing on May 5, the trial court granted
GRR's motion and rendered a default judgment for GRR. 

 HEM complains that (1) it was unaware of both the April 13 hearing on the motion
to compel discovery and the May 5 hearing on the motion for default judgment; (2) its attorney
consented to the agreed order to compel without its knowledge or permission; and (3) it was
unaware of the default judgment until May 8. 

 Having retained new counsel, HEM filed a motion for new trial on June 5, alleging
that its previous attorney failed to give it notice of the hearings and acted without authority. 
HEM's motion for new trial was overruled as a matter of law. 



DISCUSSION


 Late Cost Bond

 As a preliminary matter, GRR raises a cross-point urging that this court erred in
granting HEM's motion to extend the time to file its cost bond. An appellate court may extend
the deadline for perfecting an appeal if the cost bond is filed within fifteen days after the deadline
along with a motion requesting leave to file late "reasonably explaining the need for such
extension." See Tex. R. App. P. 41(a)(2). A reasonable explanation includes "inadvertence,
mistake or mischance," so long as the conduct falls short of "deliberate or intentional
noncompliance." Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). The
standard is very accommodating. Id. 

 The owner, president, and corporate representative of HEM, Sentell
Harvey, testified by affidavit that after final judgment, he needed time to consider his options and
to obtain adequate and proper counsel for an appeal. There is no evidence of deliberate or
intentional noncompliance. We do not find that HEM deliberately or intentionally failed to
comply with the filing deadlines. We overrule GRR's cross-point of error and will reach the
merits of the case.

 "Death Penalty" Sanctions

 The Rules of Civil Procedure authorize a trial court to strike the pleadings of, and
render default judgment against, any party which repeatedly fails to comply with discovery
requests and/or orders. See Tex. R. Civ. P. 215(2)(b)(5) Rule 215 leaves the choice of sanctions
to the discretion of the trial court. TransAmerican Natural Gas v. Powell, 811 S.W.2d 913, 917
(Tex. 1991). However, Rule 215 requires that sanctions imposed be "just." Just sanctions are
measured by two standards. First, there must be a direct relationship between the offensive
conduct and the sanction imposed. The trial court must tailor the sanction towards countering the
abuse and remedying any prejudice caused to the innocent party. Second, just sanctions must not
be excessive. The court must consider the availability of less stringent sanctions and whether they
would fully promote compliance. Id. 

 After having found HEM's untimely answers to GRR's interrogatories
unacceptable, the trial court rendered an agreed order compelling discovery compliance. HEM
agreed to provide full and complete answers to the interrogatories and to produce any and all
documents responsive to the requests for production by April 27. Once again, HEM failed to
comply. Without the requested discovery, the record contained no evidence to support HEM's
general denial and defensive pleas. If a party refuses to produce material evidence, the court can
presume that any asserted claim or defense lacks merit and dispose of it. Id. at 918. Therefore,
striking HEM's pleadings was directly related to HEM's failure to provide any material evidence
supporting its defensive pleadings. 

 Before the court struck HEM's pleadings and granted default judgment, both parties
agreed to an order compelling discovery. The order required HEM to comply with GRR's
requests by April 27 or risk having its pleadings stricken. An order to compel coupled with a
threat to dismiss for noncompliance is a lesser sanction. Andras v. Memorial Hosp. Sys., 888
S.W. 567, 572 (Tex. App.--Houston [1st Dist.] 1994, writ denied). The trial court stated in its
judgment that the threat to strike did not, and would not, fully promote compliance with the
court's discovery orders. In light of HEM's repeated failure to comply, the trial court could
correctly determine that the sanctions were not excessive. 

 In two points of error, HEM argues that its attorney was the culpable party and that
it should not be punished for its attorney's misconduct. HEM alleges that its attorney (1)
consented to the agreed order without HEM's knowledge or permission; (2) was the one who
failed to comply with the order; and (3) failed to notify HEM of the hearing to strike the pleadings
and enter a default judgment. 

 When imposing sanctions, the trial court must attempt to determine whether the
offensive conduct is attributable to counsel, the client, or both. TransAmerican, 811 S.W.2d at
917. However, the trial court must be aware that a lawyer cannot shield a client from sanctions. 
The client must bear some responsibility when it is or should be aware of counsel's discovery
abuses. Id. at 917. In the instant cause, when HEM fired its attorney, it was aware of long-overdue pending discovery requests and had a responsibility to take steps towards discovery
compliance. The record reveals that HEM failed to notify the trial court or opposing counsel that
it had terminated its attorney's representation. Moreover, there is no evidence that HEM
requested GRR or the court to send future correspondence to HEM directly. 

 HEM relies on Wetherholt v. Mercado Mexico Cafe, 844 S.W.2d 806 (Tex.
App.--Eastland 1992, no writ), to argue that any culpable conduct in the instant cause is
attributable solely to counsel. In Wetherholt, counsel (1) failed to respond to a request for written
interrogatories although the client had provided counsel with the information; (2) failed to notify
the client of a deposition, mediation, and two sanction hearings, and ignored these proceedings
himself; and (3) testified at a hearing on a motion for new trial that he was solely responsible for
the discovery abuses. Id. at 807. 

 The instant cause is distinguishable from Wetherholt because HEM was aware of
pending discovery requests and made little or no effort to comply. There is no evidence that
HEM provided its attorney with the information and documents necessary to comply with the
requests as in Wetherholt.

 More analogous to the instant cause is Allied Resources v. Mo-Vac Serv. Co., 871
S.W.2d 773 (Tex. App.--Corpus Christi 1994, writ denied), which also involved a suit on a sworn
account to recover sums due and owing for goods and services. In Allied Resources, the
defendants failed to comply with discovery requests, resulting in an order compelling discovery. 
As in the instant cause, the order threatened to strike the defendants' pleadings if they failed to
provide the requested discovery by a certain date. The defendants again failed to comply, and the
court struck their pleadings. As in the instant cause, the defendants argued on appeal that they
received no notice of the hearing on whether to strike the pleadings and render default judgment. 
The court of appeals reasoned that the defendants had received notice through their attorney. 
Emphasizing basic principles of agency law, the court noted that during an attorney-client
relationship, notice to an attorney is imputed to the client. Id. at 778. 

 In the instant cause, HEM (1) was aware of pending discovery requests; (2) failed
to comply with those requests; (3) knew that a motion to compel had been filed and should have
known that a hearing on the motion to comply was imminent; (4) made no further attempt to
comply; (5) failed to notify the trial court or opposing counsel that it had fired its attorney; and
(6) did not request GRR to send future correspondence to HEM directly. We cannot say the trial
court ordered unjust sanctions under these circumstances.


CONCLUSION


 For the aforementioned reasons, we overrule both of appellant's points of error and
affirm the trial court's judgment.




 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 10, 1996

Do Not Publish