Affirmed and Opinion filed _____________, 2002















Reversed and Remanded and Opinion filed May 22, 2003.                                                    

 

 

 

 

 

 

 

 

 

In
The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00691-CV  

____________

 

CEBI
METAL SANAYI VE TICARET A.S., TRIPLE-S STEEL SUPPLY CO., 

M.
G. MAHER & CO., and SUNBELT TRADING (KANSAS)
INC. , Appellants

 

V.

 

JUAN
GARCIA, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 334th District Court

                                                           Harris
 County, Texas                       

Trial
Court Cause No. 99-38094




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I O
N

 

            Juan
Garcia was unloading steel beams from a freighter when a loop used to lift the beams
broke, injuring his foot so severely that amputation was required.  He brought negligence and strict liability
claims against defendant CEBI Metal Sanayi ve Ticaret A.S., a Turkish
company that allegedly made both the beams and the loop used to lift them.  No representative of CEBI was present when
the accident occurred, and the allegedly defective loop was discarded.  

            Garcia
moved for summary judgment on liability and prevailed, though only as to strict
liability.  After a trial to the bench on
damages, the trial judge signed a judgment awarding him almost $2.4 million. 

            On
appeal, CEBI attacks only the summary judgment. 
Garcia’s motion relied on “uncontested” testimony and deemed requests
for admission.  But the testimony was uncontested
only because CEBI could not readily controvert it, and the deemed admissions
create only fact questions.  Finding this
case should have been submitted to a jury, we reverse.

The Testimony

            Garcia’s
motion relied primarily on the deposition testimony of Greg Davis (the job
supervisor) and two experts’ affidavits. 
For several reasons, Davis’s testimony is insufficient to support summary judgment.  And as the affidavits rely completely on that
testimony for the facts, they must fall with it.  

            Summary
judgment may be based on the uncontroverted
testimony of an interested witness, but only if that evidence “could have been
readily controverted.”   See
Tex. R. Civ. P.
166a(c).  Here, for several reasons, it
could not.  

            First, CEBI presented
summary judgment affidavits suggesting the accident could have been caused by
improper handling during unloading.  That
was Davis’s responsibility, but as
the only eyewitness presented, he was unlikely to see it that way.  In such circumstances, jurors could chose to
question his credibility.  “If the
credibility of the affiant or deponent is likely to be a dispositive
factor in the resolution of the case, then summary judgment is
inappropriate.”  Casso v. Brand, 776 S.W.2d 551, 558 (Tex.
1989).  

            Moreover, in most
respects Davis was not an
eyewitness at all.  He was on the dock
when the accident took place in the freighter’s hold, and so could not see what
happened.  All he knew about the accident
was what Garcia’s co-workers told him. 
Thus, CEBI could not readily controvert his testimony by cross-examining
him at the deposition (as Garcia asserts in his brief), as one cannot
cross-examine a declarant who is not present.

            Finally, Davis
did not keep the critical loading loop that the trial court found was
defectively designed, manufactured, and marketed.  At trial, CEBI might have been entitled to a rebuttable presumption in its favor as to what the loop
would have shown.  See Brumfield v. Exxon Corp., 63 S.W.3d 912, 920 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied).  At
summary judgment, it was at least entitled to a finding that Davis’s
testimony could not be readily controverted, as the
critical piece of evidence had been discarded. 
  

The Requests for
Admission

            Garcia
asserts that even without Davis’s testimony, the summary judgment was proper based on deemed
admissions.  Garcia served 46 requests on
CEBI’s attorney, consisting of 23 couplets requesting
diametrically opposed admissions.  For
example, CEBI was asked to admit or deny that:

 

5.      The total medical expenses of $130,320.81
were made necessary for the treatment of Juan Garcia for the injuries made the
basis of this suit and are reasonable in the amount that was charged in the
community at the time that the services were rendered.

6.      The total medical expenses of $130,320.81
were not made necessary for the treatment of Juan Garcia for the injuries made
the basis of this suit and are not reasonable in the amount that was charged in
the community at the time that the services were rendered.

 

*       *       *

 

15.    This Defendant provided no instructions to
Sunbelt Trading (Kansas) Inc. regarding the use of the lifting strap/lifting eye made the basis
of this suit.

16.    This Defendant did provide instructions to
Sunbelt Trading (Kansas) Inc. regarding the use of the lifting strap/lifting eye made the basis
of this suit.

 

*       *       *

 

19.    This Defendant owned the steel rods made the
basis of this suit at the time of the incident made the basis of this suit.

20.    This Defendant did not own the steel rods
made the basis of this suit at the time of the incident made the basis of this
suit.

 

            CEBI’s attorney withdrew from the case shortly after the requests
were due; when its new attorney moved to amend or withdraw them some months
later, the request was denied.  CEBI
argues the trial court erred in refusing to grant amendment or withdrawal, and
in granting summary judgment based on the admissions.  Because we sustain the latter point, we do
not address the former.  

            Summary
judgment is appropriate only if no fact questions exist after
resolving all doubts in the nonmovant’s favor.  See D. Houston, Inc. v. Love, 92
S.W.3d 450, 454 (Tex.
2002).  Normally, admissions
(whether admitted or deemed) serve this purpose, as they conclusively establish
the facts stated therein.  See Tex.
R. Civ. P. 198.3.  But because each of Garcia’s requests was
paired with its opposite, they conclusively established every proposition and its opposite as well.  When all were deemed admitted, they created fact questions rather than
resolving them.  

            Garcia cannot avoid this
conflict by relying on half of his requests. 
We cannot pick and choose among controverted
facts in a summary judgment record, and these admissions become part of that record when they
were filed.  See Tex.
R. Civ. P. 166a(d); Newman v.
Utica Nat. Ins. Co. of Texas, 868 S.W.2d 5, 7 (Tex. App.—Houston [1st Dist.] 1993, writ
denied).  Nor could Garcia have
arranged for half the requests to be deemed admitted and the other half quietly
ignored, as deeming occurs automatically without either motion or order.  See
Tex. R. Civ. P.
198.2(c).

            We recognize there is
some evidence CEBI had not been cooperating in discovery; indeed, its own
former attorney stated this as one reason for withdrawing from the case.  But our record reflects none of the
procedural steps required to sanction CEBI by imposing liability on that basis.
 See
TransAmerican Natural Gas Corp. v. Powell, 811
S.W.2d 913, 917–18 (Tex. 1991).[1]    

            By requesting admissions
on contested issues and coupling them with mirror-image opposites, Garcia’s
attorney took the risk that if all were deemed admitted they would prove too
much.  We hold Garcia’s summary judgment
cannot be sustained based on these requests.

Conclusion

            As Garcia’s summary
judgment cannot be sustained based on either the deemed admissions or the
remaining evidence submitted in support, the trial court erred in granting
summary judgment against it.  We reverse
the judgment below, and remand for proceedings consistent with this opinion. 

 

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

 

 

Judgment rendered and Opinion
filed May 22, 2003.

Panel consists of Chief Justice
Brister and Justices Yates and Edelman. (Edelman, J. concurring in result
only).  

            

 

 

                                                            

            

            

            











[1]    The Fourth
Court of Appeals has held TransAmerican inapplicable to deemed admissions, even if
they dispose of a case.  See State v. Carrillo, 885 S.W.2d 212,
216 (Tex. App.—San Antonio 1994, no writ). 
Recent authority suggests that may not be correct.  See Spohn Hosp. v. Mayer, No. 02-0443, 2003 WL 1923002
(April 24, 2003) (holding TransAmerican required reversal of order deeming facts
admitted for failure to produce witness statements).  But as TransAmerican only applies to sanctions that
“terminate or inhibit the presentation of the merits of a party's claims,” see  811 S.W.2d at 917–18, it still should not apply to the kind of uncontested or
foundational matters for which
requests for admissions were originally intended.  See
Esparza v. Diaz, 802 S.W.2d 772, 775
(Tex. App.—Houston [14th Dist.] 1990, no writ).